Filed 4/29/25  P. v. Moten CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>AARON JAMAL MOTEN,<br><br>      Defendant and Appellant. | D084503<br><br><br>(Super. Ct. No. 24PA000471) |

APPEAL from an order of the Superior Court of San Bernardino, Donna G. Garza, Judge.  Affirmed.

Tracy R. LeSage, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Aaron Jamal Moten appeals from an order revoking his parole.  His appointed counsel filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We informed Moten of his right to personally file a brief, and he has not done so.  We find no reasonably arguable appellate issues and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2022, Moten was convicted of assault with force likely to produce great bodily injury (Pen. Code,1 § 245, subd. (a)(4)). He was released on parole on December 10, 2022, with a parole discharge date of February 6, 2026. Because of Moten's prior conviction for indecent exposure, he was required to register as a sex offender (§ 290, subd. (c)) and comply with other special parole conditions for sex offenders. This included a requirement that he wear a GPS monitoring device. (§ 3010.10 [GPS monitoring is a required parole condition for a person required to register as a sex offender].)

On April 27, 2024, Moten was released from custody following a parole violation. He was fitted with a GPS monitoring device and signed a Notice and Conditions of Parole and Special Conditions of Parole, which stated in part: "You shall charge the GPS device at least two times per day (every 12 hours) for at least 1 full hour for each charging times."

Two days later, on April 29, 2024, Moten's parole officer was notified that Moten's GPS battery had died. Moten also failed to report to or contact his parole officer as required. As a result, Moten's whereabouts were unknown for 13 days.

On May 16, 2024, the Division of Adult Parole Operations filed a petition to revoke Moten's parole, alleging Moten violated the terms and conditions of parole by (1) absconding from parole supervision; (2) disabling his GPS tracking device; and (3) failing to register pursuant to section 290.

Moten's parole revocation hearing was held on June 13, 2024. At the beginning of the hearing, the People stated they would not be requesting to revoke parole based on Moten's failure to register. Then, after hearing

---

1    Undesignated statutory references are to the Penal Code.

2

testimony from Moten's parole officer and arguments from counsel, the court revoked Moten's parole on the basis that he had absconded. The court sentenced him to 180 days in jail with 34 days actual credit and 34 days of conduct credit.

## DISCUSSION

Moten's appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, setting forth a statement of the case and statement of facts, urging no grounds for reversal of the judgment, and asking this court to independently review the record for error. Counsel identifies the following issue to assist the court in its review: Was there substantial evidence to show Moten violated the terms of his parole by absconding from parole supervision?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Moten on this appeal.

## DISPOSITION

The order revoking Moten's parole is affirmed.

DO, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

3